[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on May 7, 1988, a total of 10 years. By complaint dated July 28, 1997, the Husband instituted this action claiming a dissolution of marriage, an equitable division of assets, joint custody and other relief. On August 11, 1997, the Wife filed an answer and cross-complaint claiming a dissolution of marriage, alimony, joint custody, child support, damages, counsel fees, and other relief. The case was presented over two full days of trial.
The Husband is 38 years of age and a high school graduate. The Wife is 35 years of age, in good health, and has 2 years of college education.
As a result of a tragic accident at L 'Ambiance Plaza on April 23, 1987, a year before the marriage, the Husband suffered a knee and other injuries. Despite two surgeries on his knee, he is still left with a disability. The emotional scars from the experience are still evident as well. In 1989 the case was settled and he started receiving his share of the proceeds which, thus far, has amounted to a lump sum payment of $174,000 and two subsequent checks of $12,000 each. In years 2007 through 2022 he is due to receive additional lump sum payments of $55,000. Since December of 1989 he has been receiving monthly checks of $1460 which are to continue until December 16, 2024.
Throughout the marriage and for sometime before, the Husband was employed as a union electrician. For a variety of reasons, he was sporadically unemployed, often receiving unemployment compensation. The court finds his income capacity to be at least $40,000 per year.
The Wife has worked, except for short periods after the birth of her two children, throughout the marriage as a word processor operator. The court finds her income capacity to be at least $40,000 per year.
The parties enjoyed a station in life commensurate with their CT Page 14530 ages, education, and incomes. Each party, barring unforseen circumstances, should be able to accumulate assets and produce income in the future. Their respective contributions to the acquisition and preservation of value of the accumulated assets would appear to be reasonably equal.
The parties have two minor children, Amber Hoyt, born October 5, 1990 and Lane Hoyt, born July 4, 1996. To their credit, they were able to put aside their personal differences and come to an agreement regarding a parenting plan for the children.
It would serve no useful purpose to chronicle the causes for the breakdown of the marriage which is irretrievable. The Husband claimed the "marriage was not right", the Wife had a "bad attitude", was too close to her mother, and stayed out late. He complained of a lack of communication, money problems, disagreements regarding rearing of the children and other similar complaints. The Wife claimed she still loved the Husband, despite the fact he said he did not love her, but could no longer live with him due to his admitted multiple infidelities. She further complained of physical abuse, money problems, and unreasonable sexual demands. It is clear that the Wife's position is more credible.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
Dissolution of Marriage
The marriage is dissolved on the grounds of an irretrievable breakdown.
Custody and Visitation
The Parenting Plan of the parties dated December 4, 1998 is incorporated herein and made an order of the court.
Child Support
The Husband shall pay to the Wife child support in the amount CT Page 14531 of $275 per week which comports with the Child Support Guidelines. An immediate wage withholding order shall enter.
Medical Insurance
The Husband shall continue to provide medical and hospitalization insurance for the benefit of the minor children as is available to him through his union. All un-reimbursed medical and dental expenses shall be equally shared by the parties. The obligations under this paragraph shall be subject to modification.
Life Insurance
The Husband shall name the Wife beneficiary on his IBEW group life insurance policy in the amount of $10,000 until he no longer has any financial obligation to her.
The Husband shall name the minor children beneficiary on his L'Ambiance settlement annuity in the amount of $1460 per month until the year 2022.
The Wife shall name the minor children beneficiary on her group life insurance policy in the amount of $30,000.
Alimony
The Husband shall pay to the Wife alimony in the amount of $50 per week for a period of ten years, or until the death of either party, the Wife's remarriage or cohabitation as defined in Connecticut General Statute Section 46b-86.
Real Estate
The Husband shall immediately quit-claim his interest in the former marital residence to the Wife subject to the outstanding balances on the first and second mortgages. She shall save the Husband harmless from any and all claims regarding said mortgages.
The Wife shall immediately quit-claim her interest in the jointly owned condominium at 1081 New Haven Road, Naugatuck, Connecticut subject to the outstanding balance due on the first mortgage. He shall save the Wife harmless from any and all claims regarding said mortgages. CT Page 14532
The Husband shall retain the lot at Sleepy Hollow Lake, New York without claim from the Wife.
Personal Property
The Husband shall retain the following items of personal property without claim from the Wife: Tools, 1993 Thunderbird, 1986 Chevrolet pick-up truck, 1986 Checkmate boat, 1990 Harley Davidson motorcycle, one snowmobile, two Huscavana dirt bikes, and the 1951 Chevrolet dump truck.
The Wife shall retain the 1993 Dodge intrepid without any claim from the Husband.
All of the furniture and furnishings in the marital residence shall be equitably divided between the parties by January 31, 1999. In the event the parties are unable to agree, they shall report to the Family Services Unit of the Superior Court for mediation of the dispute. If mediation is unsuccessful, either party may petition the court for a determination of the issue.
The Husband shall retain the balance in the Peoples Bank account and the MFS stock. The Wife shall retain the balance in the Union Savings Bank checking account.
The Husband shall retain the monthly payment and lump sum payments due under the L'Ambiance settlement. The calculation of child support, division of property, payment of liabilities, and the alimony order were considered by the court in the entry of this order.
Retirement Accounts
The Husband shall retain his IBEW Local #488 annuity in the approximate amount of $58,864.29.
The Wife shall retain her 401k plan in the approximate amount of $17,064.17.
The Husband shall transfer to the Wife one-half of the balance in his IBEW Local #488 pension as of December 31, 1998. The Husband shall have the responsibility of preparing the Qualified Domestic Relations Order to accomplish the transfer. Until the plan administrator approves the transfer, the court CT Page 14533 shall retain jurisdiction.
Liabilities
Each party shall be responsible for the debts shown on their respective financial affidavits.
Taxes
By April 15 of each year, until there is no longer any financial obligation for child support or alimony, the parties shall exchange their complete IRS returns in order to determine that the payments are appropriate under the circumstances then existing.
Counsel Fees
The Husband shall pay to the Wife the sum of $5,000 toward her counsel fees within 60 days from date.
Miscellaneous
Each party shall sign any necessary documents to effectuate the orders contained herein.
J. Cutsumpas,